**[Cite as *In re K.S.*, 2025-Ohio-2641.]**

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# VAN WERT COUNTY

IN RE:                             CASE NO. 15-25-01

          K.S.,

**ADJUDICATED DELINQUENT**        **OPINION AND**
**CHILD.**                              **JUDGMENT ENTRY**

**Appeal from Van Wert Common Pleas Court**
**Juvenile Division**
**Trial Court No. 2005-DR-351**

**Judgment Affirmed in Part and Reversed in Part and Cause Remanded**

**Date of Decision: July 28, 2025**

**APPEARANCES:**

     *Terry L. Simson* **for Appellant**

     *Dillon W. Staas, IV* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant K.S. brings this appeal from the judgment of the Van Wert Court of Common Pleas, Juvenile Division, finding K.S. to be a delinquent child and ordering K.S. to serve 90 days in detention. For the reasons set forth below, the judgment is affirmed in part and reversed in part.

{¶2} On September 16, 2024, a complaint was filed alleging that K.S. was a delinquent child due to making a statement to students at his school indicating that he intended to commit a school shooting the next day. This would be a violation of R.C. 2909.23(A)(1)(a), making a terroristic threat, a felony of the third degree if committed by an adult. An adjudicatory hearing was held on December 4, 2024. At the hearing, the State presented the following testimony.

{¶3} Ben Collins ("Collins") testified that he was the assistant principal of the school attended by K.S. Collins testified that another student had come to him and stated that K.S. had made a threat to the school, "basically saying that if they came to school tomorrow you know, you shouldn't, don't come to school tomorrow. The kids asked why and he said you know why." Adj. Hearing Tr. 6. Collins questioned K.S. about the statement and K.S. admitted to saying it, but said he was not serious. K.S. denied that he intended to harm anyone. Collins then suspended K.S. for three days. However, calls started coming in from parents and students regarding the rumors they heard regarding a potential school shooting, so Collins

notified the police. On average, 20-25 students are absent on any given day. On the day of the threatened activity, 40 students were absent. On cross-examination Collins testified that three parents notified the school that their students would not be attending due to the threat, 17 claimed illness, and the remainder gave no reason. Later in the day a parent came to pick up her two children to take them home due to the rumors she had heard.

{¶4} K.H. testified that he attends school with K.S. One day he, K.S., and another student were sitting in the lunch room talking and K.S. told them not to come to school the next day. K.H. took it to mean there would be a school shooting because earlier in the day K.S. had been showing him pictures of guns he owned. According to K.H. the news got around the school and people were aware of it. On cross-examination K.H. admitted that he did not know if K.S. was serious. Upon questioning by the trial court, K.H. testified that K.S. only showed them one picture of a gun and it was a handgun being held by K.S. K.H. also testified that he did not remember K.S. saying "you know why" in regards to why they should not come to school the next day. When questioned about the handgun, K.H. admitted that he did not know if it was a real gun or a bb gun.

{¶5} At the conclusion of the hearing, the trial court determined that K.S. had threatened the students with the intent to intimidate the students and that he had created fear that he would follow through with his threats. The trial court found K.S. to be a delinquent child.

Case No. 15-25-01

{¶6} On January 16, 2025, the trial court held a hearing on the disposition. The trial court ordered that K.S. "serve ninety days in detention with fourteen days to be served immediately and seventy-six [days] to be scheduled at a later time by a probation officer." Jan. 16, 2025 Tr. 3-4. The trial court then entered an entry ordering K.S. to "serve ninety (90) days in detention, at a time to be scheduled by his Juvenile Probation Officer." Judgment Entry. K.S. appeals from this judgment and on appeal raises the following assignments of error.

### First Assignment of Error

**The trial court erred as the manifest weight of evidence did not support a finding of delinquency.**

### Second Assignment of Error

**The trial court erred by issuing a disposition entry ordering 90 days to serve in detention all at a time to be scheduled, when the Transcript reflects that 90 days were ordered, with 14 of those days to begin immediately.**

*Manifest Weight*

{¶7} In the first assignment of error, K.S. claims that the trial court's finding him to be delinquent is not supported by the manifest weight of the evidence.

> When reviewing a judgment to determine if it is against the manifest weight of the evidence, an appellate court "review[s] the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." . . . A new trial should be granted only in the exceptional case in which the evidence weighs heavily against conviction. . . . Although the appellate court acts as a "thirteenth

-4-

juror," due deference to the findings made by the fact-finder must still be given.

*State v. Hulbert*, 2021-Ohio-2298, ¶ 23 (3d Dist.) (internal citations removed).

{¶8} K.S. was alleged to be delinquent for actions which would support a conviction for making a terroristic threat if he were an adult. To prove this offense, the state was required to prove that K.S. 1) threatened to commit or caused to be committed a specified offense when 2) he made the threat with the purpose of intimidating a civilian population and 3) as a result of the threat, he caused a reasonable expectation or fear of the imminent commission of the specified offense occurring. R.C. 2909.23(A). K.S. admitted to Collins that he had told the other boys that they should not come to school the next day. K.H. testified that K.S. had shown pictures of him holding a gun earlier. K.H. also testified that he took K.S.'s statement to be referring to a school shooting. According to K.H., news of the threat circulated through the school. Collins indicated that he received phone calls inquiring about the threat of a school shooting from parents. Additionally, Collins testified that the next day, absences were double what they normally were.

{¶9} Given the testimony before it, the trial court, as the trier of fact, could reasonably conclude that K.S. had made a threat of a school shooting with the intent of scaring his fellow students. Additionally, there was some evidence that the threat actually did cause fear that he would follow through with the threat as shown by the increased absences and the phone calls received by Collins. This Court does not

find that the evidence weighs heavily against the finding that Collins was delinquent or that the trier of fact lost its way creating a manifest miscarriage of justice. The first assignment of error is overruled.

*Sentencing*

{¶10} K.S. alleges in the second assignment of error that the disposition ordered at the dispositional hearing did not match that placed in the judgment entry. Inconsistent or ambiguous judgment entries are subject to remand. *State v. Jones*, 2005-Ohio-5822 (5th Dist.). K.S. requests the case be remanded. The State concedes that the sentences are slightly different and that the differences lead to ambiguity as to the imposition of the sentence. The State also requests that the matter be remanded to the trial court for "disposition to clarify" the sentence and indicated that "it would be prudent to reevaluate the detention order in light of the child's behavioral and academic performance as monitored by the probation department and factor that information into an updated dispositional order." Appellee's Brief at 6. Given that both parties agree that the matter should be remanded and a review of the record reveals that the entry of disposition does not match what was said at the dispositional hearing, the second assignment of error is sustained.

{¶11} Having found error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Van Wert

County, Juvenile Division is affirmed in part and reversed in part. The matter is remanded for further proceedings in accord with this opinion.

***Judgment Affirmed in Part,***
***Reversed in Part***
***and Cause Remanded***

**WALDICK, P.J. and MILLER, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, it is the judgment and order of this Court that the judgment of the trial court is affirmed in part and reversed in part with costs assessed equally between Appellant and Appellee for which judgment is hereby rendered. The cause is hereby remanded to the trial court for further proceedings and for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

John R. Willamowski, Judge

Juergen A. Waldick, Judge

Mark C. Miller, Judge

DATED:
/hls